UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:14-cr-110-FtM-29MRM

SERDARRYEL DAVE ENGLISH,
JR.

**OPINION AND ORDER**

During the final revocation hearing, defense counsel made an oral motion to suppress, to which the government objected. At the conclusion of the final revocation hearing, the Court directed defense counsel to file a written motion to suppress if he wished to pursue suppression of evidence, and gave the government the opportunity to respond in writing. This matter now comes before the Court on defendant's Motion to Suppress Tangible Evidence and Statements and Motion for Suppression Hearing (Doc. #81) filed on January 18, 2018. The United States' Response in Opposition (Doc. #85) was filed on February 1, 2018. For the reasons stated below, the motion is denied.

**I.**

It is undisputed that defendant was the driver and sole occupant of a 1982 Buick which was observed by Officer Lesa Breneman exceeding the speed limit on Michigan Avenue in Fort Myers, Florida. By the time Officer Breneman turned around and caught up to the vehicle, it had pulled into the driveway of a

residence on Gardenia Avenue and defendant was exiting and locking the vehicle door. Defendant asserts that he parked and exited the vehicle without being aware that Officer Breneman had targeted him. (Doc. #81, p. 2.) Officer Breneman engaged in conversation with defendant and others at the scene, and ultimately determined that defendant's driver's license had been revoked. Defendant was arrested for driving on a revoked license and placed in the back of a patrol vehicle. Officer Breneman decided the Buick needed to be impounded, and caused an inventory search of the vehicle to be conducted. Fruits from the search were introduced as evidence against defendant. The owner of the vehicle was defendant's mother, who arrived at the scene and stated, among other things, that defendant had not had her permission to drive the vehicle.

**II.**

The Court heard the testimony necessary to resolve the motion during the final revocation hearing. The Court therefore denies defendant's request for an additional evidentiary hearing.

Defendant argues that the search of the vehicle was unlawful, and that evidence derived from an illegal search may not be admitted during a supervised release final revocation hearing. Both sides agree that the Eleventh Circuit has not yet decided whether evidence derived from a search which violated the Fourth Amendment can be admitted at a supervised release final revocation

hearing.  See United States v. Diallo, --- F. App'x ----, No. 16-15497, 2017 WL 4334041, at *4 (11th Cir. Sept. 29, 2017).

The proponent of a motion to suppress has the burden to allege, and if the allegations are disputed, to prove, that his own Fourth Amendment rights were violated by the challenged search or seizure.  United States v. Bachner, 706 F.2d 1121, 1125 & n. 5 (11th Cir. 1983).  If the movant establishes the required reasonable expectation of privacy, then "the burden of proof shifts to the [government] to establish that an exception to the search warrant requirement was applicable" and that the search and seizure were reasonable.  Id. at 1126.  In this case, the United States challenges defendant's "standing" to challenge the search of the vehicle.

As the Supreme Court has stated, "in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." Minnesota v. Carter, 525 U.S. 83, 88 (1998) (quoting Rakas v. Illinois, 439 U.S. 128, 143-44 (1978)).  See also United States v. Padilla, 508 U.S. 77, 81 (1993).  "Establishing a legitimate expectation of privacy is 'a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to

recognize as "reasonable."'" Ziegler v. Martin Cty. Sch. Dist., 831 F.3d 1309, 1320-21 (11th Cir. 2016) (citation omitted).

Although defendant was the driver and sole occupant of the Buick, and undoubtedly had a subjective expectation of privacy, he has not established a reasonable expectation of privacy in the vehicle. Defendant had not been authorized by the owner of the vehicle to drive the Buick, and did not have a valid license to drive any vehicle. Such an unauthorized driver does not have a reasonable expectation of privacy in the vehicle.

Defendant also asserts that he has standing because the government is using the fruits of the search as evidence against him. But the Supreme Court has held:

> The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and codefendants have been accorded no special standing.

Alderman v. United States, 394 U.S. 165, 171-72 (1969). See also Padilla, 508 U.S. at 81-82. Therefore, this basis for standing set forth by defendant is unsupported.

Defendant also asserts that he was questioned unlawfully and that any and all statements made to the police in response to this unlawful questioning should be suppressed. Defendant, however, has articulated no legal basis which would preclude the officers from having conversation with him prior to the arrest or during

the arrest process.  Therefore, the Court finds that defendant's statements are not subject to suppression.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Suppress Tangible Evidence and Statements and Motion for Suppression Hearing (Doc. #81) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of February, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record